Matthew A. Steward (#7637)
Keith M. Woodwell (#7353)
Katherine E. Pepin (#16925)
Clyde Snow & Sessions
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tele./Fax: (801) 322-2516
mas@clydesnow.com
kmw@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendants Mark Machlis and Green Ivy Realty, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOUGLAS GOLDSMITH, an individual; and GOLDSMITH PROPERTIES, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN G. LONG, an individual; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK BLYTHEVILLE, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a Utah company; MARK MACHLIS, an individual; and GREEN IVY REALTY, INC., a Utah corporation,<br><br>Defendants. | **DEFENDANTS MARK MACHLIS AND GREEN IVY REALTY, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br><br>Case No. 2:24-cv-00499-DAK-DBP<br><br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Peak |

Pursuant to DUCivR 7-1 and Federal Rules of Civil Procedure 12 and 9, Defendants Mark Machlis ("**Machlis**") and Green Ivy Realty, Inc. ("**Green Ivy Realty**") submit this Motion to Dismiss the First Amended Complaint (this "**Motion**") filed by Plaintiffs Douglas Goldsmith and Goldsmith Properties, LLC (collectively, "**Plaintiffs**").

## INTRODUCTION

Plaintiffs assert numerous causes of action against several defendants, including Machlis and Green Ivy Realty, related to the sale and lease of certain commercial property located in Blytheville, Arkansas (the "**Blytheville Property**"). However, the First Amended Complaint (the "**FAC**") has only six specific references to Machlis, and only two specific references to Green Ivy Realty. These scant factual allegations fail to state a claim upon which relief can be granted against Machlis and Green Ivy Realty, especially under the heightened pleading standards for fraud claims.

In the FAC, Plaintiffs allege that Machlis is or was a development partner of Defendant Millrock Investment Fund 1, LLC ("**Millrock Investment Fund**") and worked as a real estate agent for Defendant Millcreek Commercial Properties, LLC ("**Millcreek Commercial Properties**") in the sale of the Blytheville Property. These allegations are incorrect. In fact, Machlis referred Plaintiffs to Millcreek Commercial Properties and its co-founder and officer, Defendant Kevin G. Long, and was paid a referral fee for this limited role in the purchase of the Blytheville Property. This was Machlis' only role in the transaction. Neither Machlis nor Green Ivy Realty played any role in Millrock Investment Fund. While Machlis is a licensed real estate agent, neither Machlis nor Green Ivy Realty acted as a real estate agent for any party in the sale of the Blytheville Property.

However, even assuming *arguendo*, that the factual assertions in the FAC are true, they still fail to state a claim upon which relief can be granted, and Machlis and Green Ivy should be dismissed from this action.

## **RELIEF SOUGHT AND GROUNDS**

Plaintiffs have failed to state any claim under which relief can be granted against Machlis and Green Ivy Realty and, therefore, Machlis and Green Ivy Realty should be dismissed from this action.

First, Plaintiffs have failed to adequately plead a claim for securities fraud, common law fraud, and negligent misrepresentation, which are subject to heightened pleading standards under Rule 9 of the Federal and Utah Rules of Civil Procedure, against Machlis and Green Ivy Realty. Plaintiffs have failed to identify a single allegedly fraudulent misrepresentation or omission attributable to either Machlis or Green Ivy Realty. Instead, the FAC utilized group pleading and lumped all seven defendants together as the "Defendants" throughout the factual allegations. As such, Plaintiffs failed to identify the requisite who, what, when, where, and how of the alleged fraud, the identity of the party making each purportedly fraudulent statement, and the consequences thereof. Moreover, Plaintiffs failed to allege Machlis and Green Ivy Realty's knowledge or state of mind in relation to the purportedly fraudulent statements and, thus, failed to adequately plead the requisite scienter. As such, Plaintiffs' claims for securities fraud and common law fraud fail.

Next, Plaintiffs have failed to adequately plead their claims for securities fraud and unregistered sale of securities in violation of the Securities and Exchange Act because Plaintiffs have failed to plead that the Blytheville Property transaction involved the offer or sale of a

security. Instead, the FAC alleges that Plaintiffs entered into a standard lease agreement with Millrock Blytheville after they purchased a fee-simple interest in the Blytheville Property from Millcreek Commercial. This is not a security that is subject to the registration standards and disclosure requirements under the Securities and Exchange Act.

Third, Plaintiffs have failed to adequately plead that Machlis owed any fiduciary duties to Plaintiffs. Plaintiffs allege—albeit incorrectly—that Machlis acted as the seller's real estate agent in Plaintiffs' purchase of the Blytheville Property. Under Utah law, a seller's agent owes no fiduciary duty to the buyer. Thus, Plaintiffs claim for breach of fiduciary duty fails.

Fourth, Plaintiffs have failed to adequately plead a claim for unjust enrichment against Machlis. Plaintiffs allege that Machlis received a 5.5% brokerage fee from the sale of the Blytheville Property. However, this brokerage fee was funded by the seller—not Plaintiffs. As a result, Plaintiffs have failed to allege that they conferred a benefit upon Machlis. Moreover, Plaintiffs have failed to plead facts that demonstrate that Machlis' retention of the brokerage fee would be inequitable because, as the alleged seller's agent, this brokerage fee constitutes compensation for the work Machlis purportedly performed related to the sale of the Blytheville Property.

Lastly, since Plaintiffs have failed to adequately plead the foregoing underlying tort claims, Plaintiffs' claim for civil conspiracy fails and dismissal of this claim is appropriate.

## STATEMENT OF RELEVANT FACTS

1. The FAC does not allege that the interest Goldsmith actually purchased in the Blytheville Property was a tenant-in-common ("**TIC**") interest.[1]

---

[1] *See generally*, FAC, ECF. No. 5, at ¶¶ 39–45.

{02331498-4 }

2. Plaintiffs allege that Goldsmith was "told that new TIC investors would be brought in and that their investment money would be used to improve property."[2]

3. Plaintiffs did not purchase a TIC interest in the Blytheville Property; instead, Plaintiffs purchased a fee-simple interest.[3]

4. Plaintiffs purchased the Blytheville Property and then executed a twenty-year lease agreement with Millrock Blytheville, LLC.[4]

5. Under this lease agreement, Millrock Blytheville is obligated to pay a pre-set rent payment to Plaintiffs "of $14,447.92 during a construction period of roughly two years then escalating to $17,094.77."[5]

6. In the FAC, Machlis is individually named in six (6) paragraphs:

    a. "Defendant Mark Machlis ("Machlis") is an individual residing in Salt Lake County, Utah."[6]

    b. "Machlis is the registered agent of Green Ivy Realty and a development partner of Millrock Investment Fund 1."[7]

    c. "On information and belief, Machlis worked as an agent for Millcreek Commercial in connection with the sale of the Blytheville Property."[8]

    d. "The property was marketed by Millcreek Commercial, Millrock, Long, and Machlis to Goldsmith. Goldsmith was told that HSH had already agreed to be the tenant and that Dr. Sadeem Mahmood, an interventional cardiologist, would be working out of the facility and providing revenue. Goldsmith would receive rent of $14,447.92 per month. Goldsmith was

---

[2] *See* FAC, ECF No. 5, at ¶ 40.
[3] *See* Warranty Deed, attached hereto as Exhibit A. The Court may consider this Warranty Deed because the sale of the Blytheville Property, and therefore the corresponding Warranty Deed, is "central to the plaintiff's claim." *See Smith v. U.S.*, 561 F. 3d 1090, 1098 (10th Cir. 2009).
[4] *See* FAC, ECF No. 5, at ¶ 45.
[5] *See* FAC, ECF No. 5, at ¶ 45.
[6] *See* FAC, ECF No. 5, at ¶ 21.
[7] *See* FAC, ECF No. 5, at ¶ 22.
[8] *See* FAC, ECF No. 5, at ¶ 23.

{02331498-4 }

    promised a 7.25% return on his investment of $2,825,478.81. Goldsmith was also told that new TIC investors would be brought in and that their investment money would be used to improve the property."[9]

  e. "Goldsmith was not told that Machlis worked as an agent for Millcreek Commercial. Machlis received a 5.5% brokerage fee. This was not disclosed to Goldsmith until after the closing. Similarly, Goldsmith was not told that Long and Colliers would receive at least 2% as an additional agents' selling fee."[10]

  f. "Defendants made false statements about material facts regarding the Blytheville Property, including the representations within the Marketing Materials and the representations made to the Plaintiffs directly by Long and Machlis."[11]

7. Green Ivy Realty is individually named in two (2) paragraphs:

  a. "Machlis is the registered agent of Green Ivy Realty and a development partner of Millrock Investment Fund 1."[12]

  b. "Defendant Green Ivy Realty, Inc is a Utah company."[13]

## ARGUMENT

### I. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accept[s] as true all well-pleaded factual allegations … and view[s] these allegations in the light most favorable to the plaintiff."[14] A complaint "cannot rely on labels or conclusory allegations–a 'formulaic recitation of the elements of a cause of action will not

---

[9] *See* FAC, ECF No. 5, at ¶ 40.
[10] *See* FAC, ECF No. 5, at ¶ 47.
[11] *See* FAC, ECF No. 5, at ¶ 76.
[12] *See* FAC, ECF No. 5, at ¶ 22.
[13] *See* FAC, ECF No. 5, at ¶ 24.
[14] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

{02331498-4 }

do.'"[15] "Rather, [the] complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[16]

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN ALL CAUSES OF ACTION ASSERTED AGAINST MACHLIS AND GREEN IVY REALTY

### A. Violations of Section 10(b) of the Securities and Exchange Act and Rule 10b-5 Thereunder Asserted against Machlis and Green Ivy Realty

Plaintiffs claim for securities fraud in violation of Section 10(b) of the Securities Exchange Act asserted against Machlis and Green Ivy fail because Plaintiffs have failed to meet the heightened pleading standard required under Fed. R. Civ. P. 9(c) and the Private Securities Litigation Reform Act (the "**PSLRA**").

This Court has previously articulated the heightened pleading standard required of plaintiffs claiming securities fraud in violation of Section 10(b):

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and describe "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."
>
> A plaintiff claiming a violation of Section 10(b) must further allege the defendant acted with scienter, which the Tenth Circuit defines as "intent to defraud or recklessness." Recklessness is "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."
>
> A plaintiff alleging securities fraud must also meet the rigorous pleading requirements of the [PSLRA]. The complaint must

---

[15] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[16] *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

{02331498-4 }

7

> "specify each statement alleged to have been misleading" as well as "the reason or reasons why the statement is misleading." The plaintiff must also meet a "more stringent rule for pleading scienter" by stating "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." An inference of scienter is "strong" under the PSLRA if it is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."[17]

A claim for securities fraud under Section 10(b) has five elements:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.[18]

In the FAC, Plaintiffs have failed to allege that: (a) Machlis and Green Ivy Realty made ***any*** specific untrue or misleading statement of material fact; (b) any statements complained of were made in connection with the purchase or sale of securities; or (c) Machlis and Green Ivy Realty acted with the requisite scienter.

> i. *Plaintiffs Fail to Identify Any Untrue or Misleading Statements Made by Machlis or Green Ivy Realty*

The Plaintiffs have failed to identify ***any*** specific untrue or misleading statement that was allegedly made or omitted by Machlis or Green Ivy Realty. Under Fed. R. Civ. P. 9(b), the FAC must "'set forth the who, what, when where and how of the alleged fraud' and describe 'the time,

---

[17] *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept. 13, 2018) (internal citations omitted).
[18] *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1225 (D. Utah Sept. 13, 2018) (quoting *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003)).

{02331498-4 }

place, and contents of the false representation***, the identity of the party making the false statements*** and the consequences thereof.'"[19]

Here, the FAC provides a list of allegedly fraudulent misrepresentations and omissions but fails to identify which defendant made each misrepresentation or omission. Importantly, the FAC fails to identify a single allegedly fraudulent misrepresentation or omission made by either Machlis or Green Ivy Realty, let alone adequately set forth the time, place, and contents of the false representations purportedly made by Machlis or Green Ivy Realty, or the contents thereof. As such, Plaintiffs' claim for securities fraud fails.

        ii.        *Plaintiffs Have Failed to Allege That Any Statements Complained of Were Made in Connection with the Purchase of Sale of Securities*

The purchase of the Blytheville Property did not involve the purchase or sale of a security. In *S.E.C. v. W.J. Howey Co.*, the United States Supreme Court used a four-part test to define an investment contract as a security for purposes of the Securities Act.[20] Under the *Howey* test, an investment contract security involves: (1) an investment of money; (2) in a common enterprise; (3) with an expectation of profit; (4) solely from the efforts of others.[21] In the FAC, Plaintiffs have failed to adequately allege both the "common enterprise" and the "expectation of profit solely from the efforts of others" prongs of the *Howey* test.

According to Plaintiffs' allegations in the FAC, under the lease agreement, Plaintiffs are not entitled to a percentage of the profits realized by Millcreek Commercial, Millrock

---

[19] *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept. 13, 2018) (quoting *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (abrogated on other grounds)) (emphasis added).
[20] *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946).
[21] *Id*.

{02331498-4 }

Blytheville, LLC, or any other party or entity. Instead, "[t]he lease provided for rent of $14,447.92 during a construction period of roughly two years then escalating to $17,094.77."[22] It is a standard lease agreement. Plaintiffs are entitled to pre-fixed monthly rent payments from Millrock Blytheville for the duration of the lease, regardless of the efforts, successes, failures, or profits Millrock Blytheville or any other entity. Plaintiffs' profits, i.e. the monthly rental payments, are not "solely from the efforts of others," but are instead repayment for Millrock Blytheville's use and occupancy of Plaintiffs' commercial property. Plaintiffs' only risk is that Millrock Blytheville fails to make lease payments, in which case Plaintiffs can sue Millrock Blytheville for breach of the lease agreement.

The fact that Millcreek Commercial actively markets TIC interests in commercial real estate, or that Millcreek Commercial and Plaintiffs discussed the future opportunity for Plaintiffs to purchase a TIC interest in commercial property does not mean the transaction at issue here involved a TIC interest. Moreover, there is no allegation or evidence that the lease agreement or Millrock Blytheville's management of the commercial property was essential. Even though Plaintiffs may have purchased the Blytheville Property as an investment, it could have entered into a lease agreement directly with a tenant or engaged a separate property management company. According to the allegations in the FAC, Plaintiffs had at least some ability to control the profitability of their investment in the Blytheville Property. The fact that Plaintiffs either delegated property management duties or chose to rely on Millrock Blytheville does not establish dependency sufficient to constitute a common enterprise. *See, e.g.*, *Alumni v. Development Resources Group, LLC*, 445 Fed. Appx. 288, 297–98 (11th Cir. 2011).

---

[22] *See* SOF at ¶¶ 4–5.

{02331498-4 }

Based on the foregoing, Plaintiffs' purchase of the Blytheville Property did not involve the purchase or sale of a security. As such, Plaintiffs' have failed to allege a claim for securities fraud against Machlis and Green Ivy Realty.

        *iii.*      *Plaintiffs Have Failed to Allege That Machlis and Green Ivy Acted With the Requisite Scienter*

Plaintiffs have failed to allege that Machlis and Green Ivy Realty acted with the requisite scienter to sustain a claim for securities fraud. Instead, as previously argued above, the FAC relies on the theory of "group pleading," which is insufficient to meet the heightened pleading standards of Fed. R. Civ. P. 9(b) and the PSLRA, particularly when it comes to scienter. Plaintiffs have failed to identify the purportedly fraudulent statements made specifically by Machlis or Green Ivy Realty, let alone the knowledge or intent of these parties when making the allegedly fraudulent statements. As such, Plaintiffs' claim for securities fraud must be dismissed.

    **B.**    **Sale of Unregistered Securities against Machlis and Green Ivy Realty**

As argued in Section II(A)(ii) *supra*, Plaintiffs have failed to adequately allege that the purchase of the Blytheville Property involved the offer or sale of a security. Since the transaction at issue did not involve a security, the transaction did not need to be registered under the Securities Act. Thus, Plaintiffs' claim for the sale of unregistered securities similarly fails and should be dismissed.

    **C.**    **Common Law Fraud against Machlis**

Plaintiffs' claim for common law fraud is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). This Court has explained:

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the

{02331498-4 }

11

alleged fraud" and describe "the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof."[23]

As previously explained in Section II(A) *supra*, in the FAC, Plaintiff engaged in group pleading and, therefore, failed to identify *any* specific fraudulent statement allegedly made by Machlis. Additionally, Plaintiff failed to identify when and where and to whom Machlis purportedly made any fraudulent statements and failed to state with particularity the circumstances constituting fraud, including Machlis' relevant state of mind. As such, Plaintiffs' claim for common law fraud fail.

        **D.    Negligent Misrepresentation against Machlis**

"[A] claim for negligent misrepresentation requires a party to demonstrate that (1) a party carelessly or negligently makes a false representation 'expecting the other party to rely and act thereon,' (2) the plaintiff actually relies on the statement, and (3) suffers a loss as a result of that reliance."[24] "Ordinarily, in order to prevail in an action for negligent misrepresentation, plaintiffs must identify a 'representor [who] makes an affirmative assertion which is false.'"[25]

Identical to Plaintiffs' claim for securities fraud and common law fraud, Plaintiffs have failed to identify which Defendants made each allegedly negligent statement or omission, or explain which Defendants had what knowledge requisite to adequate plead the appropriate scienter. Moreover, in regard to any allegedly negligent omission, Plaintiffs have failed to allege that Machlis had a duty to disclose any alleged omission. The Plaintiffs' general assertion of

---

[23] *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah 2018) (quoting FED R. CIV. P. 9(b) (internal citations omitted).
[24] *Moore v. Smith*, 2007 UT App 101, ¶ 36 n. 12, 158 P.3d 562 (quoting *Smith v. Frandsen*, 2004 UT 55, ¶ 9, 94 P.3d 919).
[25] *Smith v. Frandsen*, 2004 UT 55, ¶ 10, 94 P.3d 919.

{02331498-4 }

wrongdoing against the Defendants, and specifically Machlis, is insufficient to adequately plead a claim for negligent misrepresentation and must be dismissed.

### E. Breach of Fiduciary Duty against Machlis

Plaintiffs' claim for breach of fiduciary duty against Machlis[26] fails because Plaintiffs have failed to adequately allege that Machlis owed any fiduciary duty to Plaintiffs. In the FAC, Plaintiffs allege that "Machlis worked as an agent for Millcreek Commercial in connection with the sale of the Blytheville Property."[27] Plaintiffs allege that "Defendants wed Plaintiffs fiduciary duties of utmost honestly, loyalty, and care," and that "Defendants breached their fiduciary duties to Plaintiffs by, inter alia, failing to investigate the legitimacy of the tenant and guarantor or concealing their knowledge regarding the same and by making the materially false or misleading representations or omissions alleged above" related to Plaintiffs' purchase of the Blytheville Property.[28]

However, under Utah law, the seller's real estate agent does not owe any fiduciary duties to the purchaser, particularly where a sophisticated party is purchasing commercial property. The Utah Supreme Court has explained:

> A real estate agent does owe "a duty, independent of any implied or express contracts, to be 'honest, ethical, and competent'" in dealings with purchasers. ***This duty is not a fiduciary duty, however***: "[u]nder Utah law, the general rule is no fiduciary obligations exist between a buyer and seller of any property." … While purchasers of real estate, whether individual or corporate, certainly have a right to expect that sellers and their agent will refrain from fraudulent practices, an experienced purchaser or a commercial property is not

---

[26] Plaintiffs did not assert this cause of action against Green Ivy. *See* FAC at ¶¶ 95–108.
[27] *See* SOF at § 6(c).
[28] *See* FAC at ¶¶ 100, 105.

{02331498-4 }
13

in a position of peculiar dependence on the trustworthiness of a seller or agent, a position this fact is intended to vindicate.[29]

Based on the foregoing, Machlis, as the seller's real estate agent, did not owe a fiduciary duty to Plaintiffs as the purchasers of the Blytheville Property. Moreover, Plaintiffs knew they were purchasing valuable commercial property and were represented, or had the opportunity to be represented, by their own real estate agent. Thus, Plaintiffs' claim for breach of fiduciary duty against Machlis fails.

### F. Unjust Enrichment against Machlis and Green Ivy

Plaintiffs' claim for unjust enrichment against Machlis and Green Ivy Realty fails because Plaintiffs have failed to adequately allege that they conferred a benefit on Machlis and Green Ivy, and that it would be unjust for Machlis and Green Ivy to maintain the commission they purportedly received from the sale of the Blytheville Property.

Under Utah law, "[t]o state a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[30] In the FAC, Plaintiffs allege that "Machlis received a 5.5% brokerage fee" from the sale of the Blytheville Property.[31] Plaintiffs have not alleged that Machlis or Green Ivy received any other profit, commission, or payment related to the transaction. First, according

---

[29] *Diversified Holdings, L.C. v. Turner*, 2002 UT 129, ¶ 23, 63 P.3d 686 (internal citations omitted) (emphasis added).
[30] *Hess v. Johnson*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)).
[31] *See* SOF at ¶ 6(e).

{02331498-4 }

to the transaction documents, the brokerage fee was funded by Millcreek Commercial, not Plaintiffs. Thus, Plaintiffs have failed to allege that they conferred any benefit upon Machlis or Green Ivy. Second, Plaintiffs have failed to plead facts that demonstrate that Machlis' retention of the brokerage fee would be inequitable. To the contrary, Plaintiffs have alleged that Machlis acted as the real estate agent for Millcreek Commercial in the sale of the Blytheville Property.[32] A real estate agent is entitled to receive and retain compensation for services rendered, and it would not be inequitable for a real estate agent to retain the brokerage fee it earned from the sale of a property. Therefore, Plaintiffs' claim for unjust enrichment against Machlis and Green Ivy fails and should be dismissed.

### G. Civil Conspiracy against Machlis and Green Ivy Realty

Plaintiffs have failed to adequately plead a claim for civil conspiracy against Machlis and Green Ivy Realty. "In order to plead a claim for civil conspiracy, a complaint must allege sufficient facts to establish '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'"[33] In the FAC, Plaintiffs have failed to identify a single, overt act taken by Machlis or Green Ivy Realty, let alone a *wrongful* act taken intentionally in furtherance of some conspiracy against Plaintiffs.

Additionally, under Utah law:

> The claim of civil conspiracy require[s], as one of [its] essential elements, an underlying tort. Thus, in order to sufficiently plead a claim for civil conspiracy, a plaintiff is obligated to adequately plead the existence of such a tort. Where plaintiffs have not adequately

---

[32] *See* SOF at ¶ 6(c).
[33] *Harvey v. Ute Indian Tribe of Uintah and Ouray Reservation*, 2017 UT 75, ¶ 70, 416 P.3d 401 (quoting *Pohl, Inc. of America v. Webelhuth*, 2008 UT 89, ¶ 29, 201 P.3d 944).

{02331498-4 }

pleaded any of the basic torts they allege … dismissal of their civil conspiracy claim is appropriate.[34]

As demonstrated above, Plaintiffs have failed to adequately plead the basic torts asserted against Machlis and Green Ivy Realty. As such, dismissal of Plaintiffs' claim for civil conspiracy is appropriate.

## **CONCLUSION**

Based on the foregoing, the claims asserted against Machlis and Green Ivy Realty in the FAC should be dismissed for failure to state a claim upon which relief can be granted.

DATED: October 16, 2024.

CLYDE SNOW & SESSIONS

/s/ Matthew A. Steward
Matthew A. Steward
Keith M. Woodwell
Katherine E. Pepin

*Attorneys for Defendants Mark Machlis and Green Ivy Realty, Inc.*

---

[34] *Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 (internal quotations and citations omitted) (alterations in original).