JOHN E. KEITER (#16487)
**KEITER LAW, PC**
50 W. Broadway, Ste. 307
Salt Lake City, Utah 84101
Telephone: (801) 633-0559
Facsimile: (801) 776-1121
john@keiterlaw.com
*Attorneys for Millrock Investment Fund 1, LLC
and Millrock Bytheville, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS GOLDMSITH, an individual; and GOLDSMITH PROPERTIES, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN G. LONG, an individual;, MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK BLYTHEVILLE, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a Utah company; MARK MACHLIS, an individual; and GREEN IVY REALTY, INC., a Utah corporation,<br><br>Defendants, | **DEFENDANT MILLROCK INVESTMENT FUND 1, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br><br>Civil No. 2:24-cv-00499-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

## RELIEF SOUGHT AND GROUNDS THEREFOR

Defendants Millrock Investment Fund 1 ("MIF") and Millrock Bytheville, LLC ("MB") (collectively "Defendants") move for dismissal of the First Amended Complaint (Dkt. 5) with prejudice against them pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendants seek dismissal of Plaintiffs' First (Violations of Section 10(b) of the Exchange Act and rule 10b-5); Second (Sale of Unregistered Securities); Seventh (Unjust Enrichment); and Eighth (Conspiracy) causes of action.

Plaintiffs allege jurisdiction under this Court pursuant to 28 U.S.C. § 1331, asserting their claims arise under various federal securities laws. *See* Compl., ¶ 25 (Dkt. 5). However, Plaintiffs have failed to properly allege a claim under these laws, nor can they, because there is no "security" at issue. Specifically, Plaintiffs' first and second causes of action fail to identify a "security" as required to assert a violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10-b5 (the "Exchange Act"), and Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act") for the sale of unregistered securities. And because no valid security exists, Plaintiffs' third cause of action for "control person liability" likewise fails.

But even if the Court had jurisdiction over this action, the state law claims alleged against Defendants also warrant dismissal. Unjust enrichment claims are not available where a contract governing the relationship between the parties exists, as they do here. And Plaintiffs have not adequately alleged any tort against Defendants to support their claim of conspiracy. Accordingly, the First Amended Complaint should be dismissed as to Defendants.

## STATEMENT OF RELEVANT FACTS

1. Goldsmith Properties acquired a fee simple interest in commercial real property located in Blytheville, Arkansas, through a Warranty Deed dated August 6, 2021. *See* Purchase and Sale Agreement attached hereto at Ex. A; *see also* Warranty Deed attached hereto at Ex. B.

2. In conjunction with its purchase, Goldsmith Properties negotiated a "Lease Agreement" with MB. *See* Lease Agreement attached hereto at Ex. C.

3. Plaintiffs initiated this action by filing their Complaint (Dkt. 1) on July 16, 2024.

4. Plaintiffs' First Amended Complaint (Dkt. 5) was thereafter filed on August 7, 2024.

## ARGUMENT

### I. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL LAW.

> Federal courts are courts of limited jurisdiction. A federal district court's subject matter jurisdiction nis constrained by numerous constitutional provisions, statutes and doctrines. These jurisdictional limits are mandator, and jurisdiction cannot be conferred by the parties' agreement or by an exercise of the court's discretion. <u>It is to be presumed that a cause lies outside the court's limited jurisdiction, and the burden establishing the contrary rests upon the party asserting jurisdiction</u>.

*Ely v. Hill*, 35 Fed. Appx. 761, 763 (10th Cir. 2002) (internal citations and quotations omitted) (cleaned up) (emphasis added). Plaintiffs allege that this Court has jurisdiction over this matter pursuant to 28. U.S.C. § 1331 because they purport their claims arise under federal law, specifically under 15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a) of the Exchange Act, and 15 U.S.C. § 77l of the Securities Act. *See* Compl. ¶ 25 (Dkt. 5).

For these federal security laws to be invoked, Plaintiffs must assert a valid "security," as defined under federal law. *See Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020)

3

(to state a claim under the Exchange Act a plaintiff must allege "the statement complained of was made in connection with the purchase or sale of securities."); *see also* 15 U.S.C. § 77l(a)(1) ("Any person who – (1) offers or sells a security in violation of Section 77e of this title…."). Likewise, "control person" liability requires an allegation of a security. *See City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1270 (10th Cir. 2001) ("To state a prima facie case of control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person.") (citation omitted).

Plaintiffs allege that the purchase of their fee-simple interest in the subject commercial property constitutes an "investment contract" as that term is defined under the *Howey* test. *See* Compl. ¶ 54. However, under the *Howey* test, an "investment contract" means "a contract, transaction or scheme whereby a person [1] invests his money [2] in a common enterprise and [3] is led to expect profits solely from the efforts of the promoter or a third party." *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946). All three of the *Howey* elements must be alleged in order to properly assert the existence of an investment contract, but Plaintiffs have failed to allege a common enterprise or a lack of control over their receipt of profits.

To determine whether an enterprise exists, Courts in the Tenth Circuit look to the test prescribed by *Avenue Cap. Mgmt II, L.P. v Schaden*. 843 F.3d 876 (10th Cir. 2016). The *Schaden* test instructs the Court to analyze a Plaintiffs "ability to control the profitability of his investment, either by his own efforts or by majority vote in group ventures." *Id.* at 882 (citations and quotations omitted). If an investor has the ability to control his investment then he "is not dependent upon the managerial skills of others." *Id.* "The greater the control acquired by [the investors], the weaker the justification to characterize their investment as investment contracts." *Id.*

4

The First Amended Complaint clearly does not meet the thresholds prescribed by *Howey* and *Schaden*. Indeed, the purchase of a fee simple interest in real property is completely antithetical to these tests, because owners of a fee simple interests have absolute control over their investment. The court should therefore dismiss Plaintiffs' federal causes of action.

## II.  THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE STATE-LAW CLAIMS AGAINST DEFENDANTS.

Even if this Court had jurisdiction over this dispute, Plaintiffs have nevertheless failed to state a claim for unjust enrichment or conspiracy against Defendants.

### A.  The Relationships Between Plaintiffs and Defendants are Governed by Contracts.

Plaintiffs' claim for Unjust Enrichment fails as a matter of law because there are valid contracts governing their relationships with Defendants.

"The doctrine of unjust enrichment is designed to provide an equitable remedy where one does not exist at law." *Thatcher v. Lang*, 2020 UT App 38, ¶ 39, 462 P.3d 397. A necessary "prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue." *Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246. "Therefore, where an express contract covering the subject matter of the litigation exists, recovery for unjust enrichment is not available." *Thatcher*, 2020 UT App 38, ¶ 3.

Here, two independent contracts govern the relationship between Plaintiffs and Defendants—The Purchase and Sale Agreement and the Lease Agreement. The existence of these agreement forecloses Plaintiffs' ability to seek redress through an unjust enrichment claim.

### B. Plaintiffs Do Not Allege and Underlying Tort Against Defendants to Support a Conspiracy Claim.

> The claim of civil conspiracy require[s], as one of [its[ essential elements, an underlying tort. Thus, in order to sufficiently plead a claim for civil conspiracy, a plaintiff is obligated to adequately plead the existence of such a tort. Where plaintiffs have not adequately pleaded any of the basic torts they allege … dismissal of their civil conspiracy claim is appropriate.

*Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 (internal quotations and citations omitted).

As discussed, Plaintiffs have failed to adequately allege a valid security to support their first and second causes of action against Defendants. And the only other claim asserted against Defendants—unjust enrichment—is not a tort claim. An unjust enrichment claim is considered a "quasi contract" or a contract implied by law, and is considered a restitution action. *See HKS Architects Inc. v. MSM Enters.*, 2021 UT App 70, ¶ 41, 496 P.3d 228. Accordingly, Plaintiffs have failed to adequately allege any underlying tort to support their conspiracy claim against Defendants.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs claims as to MIF and MIG.

DATED: November 8, 2024.

                                              */s/ John E. Keiter*
                                              John E. Keiter
                                              *Attorneys for Millrock Investment Fund 1, LLC and Millrock Bytheville, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2024, I caused a true and correct copy of the foregoing document to be filed with the Court's ECF system, which sent notice to all parties making an appearance in this matter.

                                                    */s/ John E. Keiter*
                                                    John E. Keiter