Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Timothy D. Wallner
(Admitted *pro hac vice*)
twallner@berkowitzoliver.com
Anthony J. Durone
(Admitted *pro hac vice*)
adurone@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007

*Attorneys for Defendants Millrock Investment Fund 1, LLC, Brent Smith, and Millrock Blytheville, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS GOLDSMITH, an individual, GOLDSMITH PROPERTIES, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN G. LONG, an individual; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK BLYTHEVILLE, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a Utah company; MARK MACHLIS, an individual; BRENT SMITH, an individual; and GREEN IVY REALTY, INC., a Utah corporation,<br><br>Defendants. | **DEFENDANTS MILLROCK INVESTMENT FUND 1, LLC, MILLROCK BLYTHEVILLE, LLC, AND BRENT SMITH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**<br><br>**(Hearing Requested)**<br><br>Case No. 2:24-cv-00499-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1, Defendants Brent Smith ("Smith"), Millrock Investment Fund 1 LLC ("Millrock"), and Millrock Blytheville LLC ("Millrock Blytheville") (collectively, "Millrock Defendants") hereby move the Court to dismiss with prejudice the Second Amended Complaint [Dkt. 99] (the "SAC") as to Millrock Defendants filed by Plaintiffs. The grounds for the requested relief on the federal causes of action are that: (i) with respect to the First Cause of Action for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (directed at "All Defendants"), Plaintiffs fail to satisfy the heightened pleading requirements under both Federal Civil Rule of Procedure Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the requirement to plead with particularity facts demonstrating Defendants acted with the requisite state of mind, or "scienter."

The grounds for the requested relief on the state law causes of action are that: (i) Plaintiffs fail to satisfy the heightened pleading requirements under Rule 9(b) for pleading a fraud claim (Second Cause of Action – directed at multiple defendants, including Smith and Millrock); (ii) Plaintiffs have not identified any negligent statements or omissions specifically made by the Millrock Defendants, and have not alleged sufficient facts giving rise to any duty to disclose any alleged omission (Third Cause of Action - directed at multiple defendants, including Smith and Millrock); (iii) the unjust enrichment claim fails because Plaintiffs have not demonstrated they conferred any benefit on the Millrock Defendants (Fifth Cause of Action – directed at "All Defendants"); and (v) the civil conspiracy claim must be dismissed because the underlying torts alleged by Plaintiffs all fail as a matter of law (Sixth Cause of Action - directed at "All Defendants"). The Fourth Cause of Action is not directed at any of the Millrock Defendants.

1

## INTRODUCTION

Plaintiffs' SAC constitutes a "group pleading" that impermissibly groups Smith, Millrock, Millrock Blytheville, and the other Defendants together, without distinguishing the basis for any Millrock Defendant's individual alleged culpability or liability. Moreover, to the extent any allegations are asserted specifically against Smith (and others), they fail to explain how the alleged misrepresentations are false or assert facts from which "scienter" can be inferred. The SAC's causes of action against Millrock Defendants also constitute threadbare recitals of the elements of each claim, supported by mere conclusory statements. Thus, the facts set forth in support of those causes of action do not qualify as well-pleaded allegations. Finally, the SAC is defective because it fails to satisfy either the heightened pleading requirements under the PSLRA or the heightened pleadings requirements under Federal Rule of Civil Procedure 9(b) for pleading a fraud claim, and because it fails to meet the other pleading requirements for its state law causes of action. Plaintiffs' bare-bones Complaint must be dismissed.

## ARGUMENT

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v.*

*Cooley*, 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be <u>well-pleaded</u> allegations." *Warnick,* 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts." *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678). Here, Plaintiffs fail to assert allegations giving rise to a cognizable claim against the Millrock Defendants, and thus this Motion should be granted.

## I. PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM FOR VIOLATION OF THE EXCHANGE ACT.

### A. Pleading Standards under Rule 9(b) and the PSLRA.

Under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party <u>must state with particularity</u> the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (2024) (emphasis added). Rule 9(b) applies to all claims that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct." *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019). "To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Combs v. SafeMoon LLC*, Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), *citing Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

In two key ways, Congress heightened the pleading standard above that provided for in Rule 9(b) for federal securities fraud claims with the passage of the PSLRA. First, the PSLRA increased the burden on the pleading of the first element of a securities fraud claim – that the

defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements made not misleading. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). For this element, the PSLRA requires that: the Complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1) (2024).

Second, regarding the pleading of the "scienter" or intent to defraud element, the PSLRA superseded this part of Rule (9)(b) by imposing a more stringent rule of pleading:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, <u>with respect to each act or omission alleged to violate this chapter</u>, state with particularity facts giving rise to a <u>strong inference</u> that the defendant acted with the required state of mind.

*See Adams,* 340 F.3d at 1096, *citing* 15 U.S.C. § 78u-4(b)(1) (2024) (emphasis added). Regarding the scienter element, the PSLRA requires scienter to be found with respect to <u>each</u> defendant and with respect to <u>each</u> alleged violation. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018). Further, the required "strong inference" of scienter must be more than merely reasonable or permissible – "it must be cogent, thus strong in light of other explanations. A complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct. *See id.* at 323-24.

4

**B.    Plaintiffs Fail to Satisfy the Pleading Standards under Rule 9(b) and the PSLRA.**

The First Cause of Action for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, should be dismissed in its entirety with prejudice because Plaintiffs have failed to allege well-pled facts to establish any violation. To state a claim under Section 10(b)/Rule 10b-5, a plaintiff must plead: "(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Here, Plaintiffs fail to adequately plead facts satisfying the heightened pleading standards described above, or that Smith acted with scienter.

For example, Plaintiff's SAC is replete with allegations directed to all or nearly all Defendants, without differentiation.[1] In paragraphs 76 through 88, Plaintiffs purport to allege a litany of misrepresentations and/or omissions against Defendants. However, nearly every allegation is directly to all or some grouping of Defendants, a practice known as "group pleading." For those allegations that do specify a particular Defendant, Plaintiffs vaguely allege that Defendant Long and Defendant Machlis made alleged material misrepresentations to Plaintiffs, not the Millrock Defendants. *See* SAC at ¶ 81-84. Those allegations do not set forth the time or place of such misrepresentations, and "group pleading" against "Defendants" is impermissible

---

[1] Plaintiffs often allege actions of "Defendants." *See* SAC at ¶¶ 39, 78, 79, 82, 85, 86, 90, 91, 93, 96, 98, 99, 100, 101, 102, 103, 104, 110, 112, 115, 120, 126, 132, and 133. Simply grouping all or nearly all defendants into the defined term "Defendants" does not satisfy the heightened pleading requirements of the PSLRA, or the Federal Rules.

5

under Rule 9(b) and the PSLRA. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA…."). Any claim of securities fraud for these alleged misrepresentations and/or omissions, therefore, must be dismissed.

Additionally, Plaintiffs fail to sufficiently plead facts establishing the Millrock Defendants acted with scienter with respect to any alleged misrepresentations (or omissions), which is an additional basis for dismissing the First Cause of Action. As stated above, Plaintiffs must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that [the Millrock Defendants] acted with the required state of mind." 15 U.S.C. § 78u- 4(b)(2)(A) (emphasis added). The "required" state of mind is an "intent to defraud" or "recklessness," which is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Here, Plaintiffs fail to allege facts sufficient to prove "scienter" on Smith's part with respect to the allegations set forth in paragraphs 76-88. In short, the SAC fails to sufficiently plead the existence of untrue statements or omissions by Smith, Millrock, or Millrock Blytheville that could provide a basis for liability under Section 10(b) and Rule 10b-5, and the First Cause of Action must be dismissed.

### C.  Plaintiffs Fail To Sufficiently Plead Any Untrue Or Misleading Statements By Millrock Defendants.

Plaintiffs fail to identify any alleged untrue or misleading statements specifically made or omitted by Smith, Millrock, or Millrock Blytheville in connection with Plaintiffs' fee simple purchase of the Blytheville commercial property. In the SAC, the Plaintiffs reference various

6

allegedly fraudulent misrepresentations and omissions, but Plaintiffs fail to set forth the "**time, place** and contents of the false representation," or "**the identity of the party making the false statements** and the consequences thereof," as required under applicable pleading standards. *Combs*, 2024 WL 1347409 at *4 (emphasis added). For example, Plaintiffs allege certain misrepresentations and omissions by "Defendants." [SAC, ¶¶ 1, 3, 6, 8, 81, 78.] Those allegations do not set forth the time or place of such misrepresentations, and "group pleading" against "Defendants" is impermissible under Rule 9(b) and the PSLRA. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018) ("Group pleading… is incompatible with the purpose of the PSLRA…."). Regarding any alleged misrepresentations or omissions by Millrock Defendants in connection specifically with the Blytheville transaction at issue, Plaintiffs make no mention of Smith making the alleged misrepresentations or omissions, except for impermissibly grouping Smith in with other Defendants. [SAC, ¶¶ 47-75.] Notably, the allegations asserted against Smith (and other Defendants) do not contain actual statements or omissions but rather conclusory assertions that Smith (and others) "lied" to Plaintiffs. [SAC ¶ 67.]

To the extent any alleged representations by Millrock Defendants in the Complaint are taken from Millcreek's website providing general business information to investors in tenant-in-common ("TIC") properties that Millcreek also markets, they are inadequate. [SAC, ¶¶ 40, 42 and 43.] Those representations fail to provide the required "when." Moreover, the statements in paragraph 40 – "rest assured our portfolio is rock solid," "we vigorously vet every property that we offer," and that Millcreek sold only properties with tenants who can "thrive in any economic environment"[2] – all constitute "puffery," which is not actionable. *See City of Austin Police*

---

[2] The provided excerpt actually does not make this statement.

*Retirement System v. Kinross Gold Corp.*, 957 F.Supp.2d 277, 297 (S.D.N.Y. 2013) (mining exploration company's statements as to extent and quality of due diligence it performed in anticipation of acquisition of West African gold mining operation were mere puffery, and as such not actionable as securities fraud); *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1064 (N.D. Cal. 2012) (statements technology company made in investment conference calls regarding its "strong partners" and "robust" product portfolio were merely expressions of confidence in the company's outlook, and, as puffery, not actionable).

In short, the Complaint fails to sufficiently plead the existence of any untrue statements or omissions by the Millrock Defendants that could provide a basis for liability under Section 10(b) and Rule 10b-5.

## II. PLAINTIFFS' COMMON LAW FRAUD CLAIM FAILS AS A MATTER OF LAW.

In addition to the federal claim discussed above, upon which Plaintiffs rely for this Court exercising jurisdiction in this matter, Plaintiffs also assert the following state law claims against Millrock Defendants: (i) common law fraud (2nd Cause of Action); (ii) negligent misrepresentation (3rd Cause of Action); (iv) unjust enrichment (5th Cause of Action); and (v) conspiracy (6th Cause of Action).[3]

Plaintiffs' Second Cause of Action for common law fraud must satisfy Rule 9(b)'s heightened pleading requirements, which requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." *TDC Lending LLC*, 340 F.Supp.3d at 1224. As this Court has stated:

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and "describe the time, place, and

---

[3] Plaintiffs do not plead their Fourth Cause of Action (Breach of Fiduciary Duty) against Smith, Millrock, or Millrock Blytheville, and thus it is not addressed.

8

contents of the false representation, the identity of the party making the false statements, and the consequences thereof."

*TDC Lending LLC*, 340 F.Supp.3d at 1224. For the same reasons explained in Section II above regarding Plaintiffs' failure to sufficiently plead their securities fraud claim, the common law fraud claim likewise fails because of Plaintiffs' failure to meet this pleading requirement. Specifically, Plaintiffs failed to plead the "who, what, when, where and how" of Smith's alleged fraud. Instead, they impermissibly group plead that "Defendants" made various misrepresentations and omissions, which allegations are insufficient to satisfy the heightened pleading requirements of Rule 9(b). Likewise, even where Plaintiffs attempt to allege misrepresentations and/or omissions against Smith (and not impermissibly as part of their "shotgun" or "group pleading" allegations), the SAC does not allege particular facts showing a strong inference that Smith acted recklessly or with an intent to defraud with respect to said misrepresentation and/or omissions. The common law fraud claim must therefore be dismissed.

### III. THE NEGLIGENT MISREPRESENTATION CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs' negligent misrepresentation claim (Third Cause of Action) is based on the same set of facts as their common law fraud claim. Under Utah law, "negligent misrepresentation constitutes a form of fraud," and thus "the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am., N.A.*, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012); *see also Eldredge v. Security National Mortg. Co.*, 2012 WL 681786, at *5 (D. Utah Jan. 25, 2012), report and recommendation adopted sub nom. *Eldredge v. Sec. Nat. Mortg. Co.*, No. 2:11-CV-539 DS- PMW, 2012 WL 676401 (D. Utah Feb. 29, 2012) (dismissing negligent misrepresentation claim that failed to meet "the heightened pleading requirements of Rule (b).") Plaintiffs' negligent misrepresentation claim

9

suffers from the same fatal flaw as the common law fraud claim. The SAC does not set forth factual allegations identifying the "who, what, where, when and how" of any alleged negligent misrepresentation or omission by Smith. Likewise, Plaintiffs' generalized allegations that all of the Defendants owed Plaintiffs a duty to disclose any alleged omissions is insufficient to adequately plead a claim for negligent misrepresentation. The claim must therefore be dismissed.

## IV. THE UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW.

The Fifth Cause of Action for unjust enrichment fails as a matter of law because Plaintiffs failed to adequately allege they conferred a benefit on Millrock Defendants. "To support a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'" *Hess v. Johnson*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)). Further, with respect to unjust enrichment claims against corporate representatives, the Utah Federal District Court has recognized that such claims fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. Of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 622-23 (D. Utah 2005). Here, the unjust enrichment claim is based on nothing more than generalized or "formulaic" allegations, including that "Plaintiffs" conferred a benefit on "Defendants" by purchasing the TIC interests in commercial properties marketed by Millcreek, "Defendants" received a benefit "in the form of commissions or other compensation," and "Defendants" benefited from "direct use" of the purchase price proceeds and "perpetuation of the overall scheme." [SAC, ¶¶ 125-127.] These conclusory or "threadbare recitals" fail to identify any benefit actually conferred on Millrock Defendants. Indeed, the

allegations of the claim do not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs fail to allege any facts demonstrating that they conferred a benefit on Smith, Millrock, or Millrock Blytheville and the unjust enrichment claim must be dismissed

## V.    THE CIVIL CONSPIRACY CLAIM FAILS AS A MATTER OF LAW.

The Sixth Cause of Action contains a claim for "civil conspiracy" against all Defendants, including Smith, Millrock, and Millrock Blytheville. Under Utah law,

> The claim of civil conspiracy require[s], as one of [its] essential elements, an underlying tort. Thus, in order to sufficiently plead a claim for civil conspiracy, a plaintiff is obligated to adequately plead the existence of such a tort. Where plaintiffs have not adequately pleaded any of the basic torts they allege . . . dismissal of their civil conspiracy claim is appropriate.

*Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 (internal quotations and citations omitted) (alterations in original). For the reasons outlined above, Plaintiffs have failed to adequately plead the underlying torts against Millrock Defendants. Accordingly, the conspiracy claim must be dismissed.

## **FURTHER AMENDMENT WOULD BE FUTILE**

The Second Amended Complaint is simply a rehashing of Plaintiffs' two prior deficient complaints. Indeed, as to Smith, Millrock, and Millrock Blytheville, the operative SAC continues to fail to meet the pleading requirements of Federal Rules of Civil Procedure 8, 9(b), and the PSLRA, including because Plaintiffs continue to rely on "group pleading" allegations that impermissibly group Millrock, Millrock Blytheville, Smith, and the other Defendants together. Plaintiffs did not meaningfully amend their remaining causes of action to cure the deficiencies identified in Defendants previous Motions to Dismiss, and thus, amendment would be futile.

## CONCLUSION

For the reasons set forth above, the SAC should be dismissed as to Smith, Millrock, and Millrock Blytheville.

## REQUEST FOR ORAL ARGUMENT

Pursuant to DUCivR7-1(g), Millrock Defendants respectfully request oral argument on this Motion. Good cause exists for oral argument because this Motion seeks dismissal of all causes of action as to Smith, Millrock, and Millrock Blytheville.

Respectfully Submitted on this 12th day of September, 2025.

    WORKMAN NYDEGGER

    By: */s/* Brian N. Platt
    Brian N. Platt
    Chad E. Nydegger
    Ryan C. Morris

    BERKOWITZ OLIVER LLP
    Timothy D. Wallner
    Anthony J. Durone

    *Attorneys for Defendants Millrock Investment Fund 1, LLC, and Brent Smith*