Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Timothy D. Wallner
(Admitted *pro hac vice*)
twallner@berkowitzoliver.com
Anthony J. Durone
(Admitted *pro hac vice*)
adurone@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007

*Attorneys for Defendants Millrock Investment
Fund 1, LLC, Brent Smith, and Millrock Blytheville, LLC*

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS GOLDSMITH, an individual, GOLDSMITH PROPERTIES, LLC, a Utah limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> KEVIN G. LONG, an individual; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK BLYTHEVILLE, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; COLLIERS INTERNATIONAL, a Utah company; MARK MACHLIS, an individual; and GREEN IVY REALTY, INC., a Utah corporation, <br><br> Defendants. | **DEFENDANTS MILLROCK INVESTMENT FUND 1, LLC, MILLROCK BLYTHEVILLE, LLC, AND BRENT SMITH'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> **(Hearing Requested)** <br><br><br> Case No. 2:24-cv-00499-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

The Court has original subject matter jurisdiction here solely because Plaintiffs allege, in the First Cause of Action, that Defendants violated the federal Securities Exchange Act.  Dkt. No. 99 ("SAC") ¶ 32–33.  But, as Defendants Brent Smith ("Smith"), Millrock Investment Fund 1 LLC ("Millrock"), and Millrock Blytheville LLC ("Millrock Blytheville") (collectively, "Millrock Defendants") explained in their Motion to Dismiss and discuss below, Plaintiffs' allegations are fatally deficient because they do not satisfy the heightened pleading requirements set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Dkt. No. 103 ("Motion").  The Court should therefore dismiss the First Cause of Action.  And because this dismissal divests the Court of original jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims in Causes of Action II, III, V, and VI, and must also dismiss them.  The Court should also dismiss the state-law claims because Plaintiffs fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and 9(b).

### A.   The Court Should Dismiss the First Cause of Action Because Plaintiffs Failed to Satisfy the PSLRA's Heightened Pleading Requirements

The First Cause of Action alleges that the Millrock Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(B), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  SAC ¶¶ 76–88.  But as explained in the Motion, the SAC fails to allege that (i) any specific Millrock Defendant (ii) "made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading" or (iii) "acted with scienter, that is, with intent to defraud or recklessness."  Motion at 5 (quoting *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020)).

In their Response, Plaintiffs do not dispute that they engaged in "group pleading" or that they failed to specify any misleading statement of material fact by any of the Millrock Defendants.  *See* Dkt. No. 105 ("Response") at 3–4.  Instead, Plaintiffs argue that their group pleadings are

permitted because they are alleging a "scheme to defraud." *Id.* at 3.  Plaintiffs misunderstand the law and their allegations are deficient.

### 1.  Plaintiffs Cannot Engage in Group Pleading When Alleging a "Scheme to Defraud"

Securities and Exchange Commission Rule 10b-5 states, in its entirety:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

**(a)** To employ any device, scheme, or artifice to defraud,

**(b)** To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

**(c)** To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.  Plaintiffs argue that the Millrock Defendants participated in a "scheme to defraud" in violation of § 240.10b-5(a).  Relying primarily on *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1260 (10th Cir. 2019), Plaintiffs assert that because they are alleging a "scheme," Plaintiffs need to only plead the Millrock Defendants' collective "participation and control over disseminated fraudulent materials," with no need for individualization or differentiation, to satisfy the PSLRA's heightened pleading requirements.  Response at 3.  Plaintiffs are wrong.  *Malouf* neither discusses whether group pleading is appropriate under the PSLRA nor whether alleging "participation and control over disseminated fraudulent materials" is sufficient.  *See* 933 F.3d at 1248–1263.  Instead, *Malouf* relates to whether a specific defendant, who has actual knowledge of misstatements made by another, can be liable for failing to correct those misstatements.  *Id.* at 1261.  *Malouf* is thus inapposite.

Instead, when directly addressing the pleading requirements for a violation of § 240.10b-5(a), the Tenth Circuit has explained that a plaintiff must allege: "(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance." *In re Overstock Sec. Litig.*, 119 F.4th 787, 801–02 (10th Cir. 2024) (citing *Plumber & Steamfitters Loc. Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021)).  "To maintain a 10b–5(a) or (c) claim, a plaintiff must specify what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue." *Plumber & Steamfitters Loc. 773 Pension Fund*, 11 F.4th at 105.  "And, of course, the deceptive or fraudulent scheme or activity must have occurred in connection with the purchase or sale of a security." *Id.* By their own admissions, Plaintiffs have failed to make any such allegations.

Plaintiffs assert that they have satisfied the pleading requirements of the PSLRA because they "allege[d] a fraudulent scheme."  Response at 3.  For support, they reference paragraphs 1–10 of the SAC.  *Id.*  But the allegations of paragraphs 1–10 do not specify any deceptive or manipulative acts that each of the Millrock Defendants performed, when any such acts were performed, and how those acts connected to the purchase or sale of a security.  *See* SAC ¶¶ 1–10; *cf. Plumber & Steamfitters Loc. 773 Pension Fund*, 11 F.4th at 105.  Instead, each of these paragraphs alleges acts done by "Defendants" or some subgroup of Defendants.  *See id.*  Further, several paragraphs allege acts that occurred at some time after the purchase of the alleged security and thus could not have "occurred in connection with the purchase or sale of" the alleged security. *See, e.g.*, SAC ¶¶ 8–9 (alleging facts relating to rent payments made after the transaction occurred). These allegations fail to satisfy the PSLRA's heightened pleading requirements.

Plaintiffs further argue that paragraphs 29–30 of the SAC, which allege that Smith "supervised and conducted oversight of the marketing materials to ensure their accuracy," sufficiently plead Smith's misstatements. Response at 4. But these allegations are also insufficient because they merely specify Smith's role in the company; they do not specify his allegedly fraudulent conduct. *Cf. Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("Therefore, we agree with the district court that the PSLRA requires the plaintiffs to distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud. As such, corporate officers may not be held responsible for unattributed corporate statements solely on the basis of their titles, even if their general level of day-to-day involvement in the corporation's affairs is pleaded."). Accordingly, pursuant to the PSLRA, Plaintiffs' group pleading of the Millrock Defendants' alleged actions and their allegations about Smith's role in Millrock are fatal to their First Cause of Action.

## 2. Group Pleadings Are Prohibited Under the PSLRA for Allegations of Conspiracy and Fraud by Omission

Plaintiffs also cite *DiTucci v. Ashby* to argue that group pleading is appropriate here because Plaintiffs have alleged a conspiracy. *See* Response at 4 (citing No. 2:19-CV-277-TC-PMW, 2020 WL 956890, at *3 (D. Utah Feb. 27, 2020)). It is unclear if Plaintiffs' argument relates to the First Cause of Action for violations of the Securities Exchange Act, the Second Cause of Action for Common Law Fraud, or Sixth Cause of Action for Civil Conspiracy. *See id.* To the extent Plaintiffs' arguments are an attempt to lower the pleading requirements of the PSLRA for the First Cause of Action, *DiTucci* is inapplicable. *DiTucci* did not involve securities law violations; it was a common-law fraud case. *See* 2020 WL 956890, at *2–*3. The court explained that for common-law fraud, group pleadings may be appropriate in certain limited circumstances. *Id.* at *3. But the court went out of its way to explain that group pleadings are ***not*** appropriate for

securities-law violations because the PSLRA prohibits them. *Id.* at *2 (explaining that group pleadings are permissible in "other causes of action," not in "federal securities law violations," because the PSLRA governs securities law violations) (citing *In re Thornburg Mortg., Inc. Sec. Litig.*, 695 F. Supp. 2d 1165, 1196 (D.N.M. 2010)).

Plaintiffs also assert that they do not need to satisfy the PSLRA's heightened pleading requirements because they are alleging securities fraud based on omissions. Response at 4–5. Plaintiffs again misconstrue the law. The PSLRA allows for private securities actions where "the defendant omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading." 15 U.S.C.A. § 78u-4(b)(1). For such omissions, the SAC must still "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." *Id*. Thus, even for pleadings based on omissions, the PSLRA requires that the plaintiff plead specific statements made by specific defendants in addition to the omissions that made those statements misleading. *Id.*

But Plaintiffs do not satisfy any of these requirements. Instead, Plaintiffs argue that:

> The core of this case is that Smith and other owners of Millrock and Millcreek withheld and disguised that: 1) the properties sold were purchased at a fraction of the selling price; 2) that most of the invested money was skimmed off the top for pay-offs and kick-backs; 3) that the tenants were not commercially viable; 4) that there was no real prospect that rent under the long term leases would ever be paid; and 5) that rents were paid by Millrock or other related entities from newly invested money, not by the tenants. This information is clearly material and none of it was disclosed to Plaintiffs.

Response at 5. Nowhere in this synopsis do Plaintiffs identify specific statements made by specific Defendants that were rendered misleading because a material fact was omitted from those statements. Indeed, even in *DiTucci v. Ashby*, which Plaintiffs cite in support of their position, the plaintiff identified numerous affirmative misstatements made by specific defendants in addition to omissions. No. 2:19-CV-277-TC-PMW, 2020 WL 1249627, at *5 (D. Utah Mar. 16, 2020).

Merely reciting a litany of omissions by themselves, as Plaintiffs concede they have done here, is not sufficient to satisfy the pleading requirements of the PSLRA.

### 3. Plaintiffs Also Fail to Plead Scienter with Specificity as Required by the PSLRA

Under the PSLRA, in addition to pleading misstatements or omissions with specificity, Plaintiffs must also plead scienter with specificity. 15 U.S.C. § 78u- 4(b)(2)(A). To survive a motion to dismiss, Plaintiffs must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that [the Millrock Defendants] acted with the required state of mind." *Id*. Notably, this is a higher pleading standard that Rule 9(b), which allows plaintiffs to allege scienter generally. Fed. R. Civ. P. 9(b).

Plaintiffs attempt to redefine scienter, with no basis or citations, as merely "requir[ing] that Plaintiffs specifically allege knowing misrepresentations or omissions by Defendants." Response at 5. This is plainly wrong. As the Tenth Circuit has explained, the "required" state of mind is an "intent to defraud" or "recklessness," which is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Simply alleging knowledge of the misrepresentation is not enough.

Plaintiffs do not satisfy the PSLRA's pleading requirement for scienter. Plaintiffs assert that their allegations are analogous to the pleadings that were found sufficient in *Wilson v. Millcreek Com. Props., LLC*. Response at 5–6 (citing Case No. 2:24-CV-00624-TC-CMR, 2025 WL 2256685 (D. Utah Aug. 7, 2025)). But in *Wilson*, the plaintiff alleged that a specific defendant made explicit misstatements:

> The Plaintiffs allege that Mr. Machlis told Mr. Bosshard and other Plaintiffs that "he had done full due diligence on the Keller property;" that the tenant was an

operating entity; that construction of the facility was complete; and that rents were already being paid.

*Id.* at *8. The court there concluded that "[t]hese statements were capable of being verified—in other words, Mr. Machlis either did this due diligence to confirm that the tenants were operating entities, or he did not. The construction on the Millcreek Properties was complete, or it was not. Rents were being paid by tenants, or they were not. The rents under the leases were market rate, or they were not." *Id.* Based on these affirmative, verifiable misstatements, by a specific defendant, the court concluded that it could

> reasonably infer that Mr. Machlis, given his experience in commercial real estate and longstanding relationship with Mr. Bosshard, could have easily discovered the truth about some or all these statements had he in fact engaged in the due diligence he represented that he had performed, meaning that Mr. Machlis either <u>1) knowingly misrepresented that he had done extensive due diligence; or 2) knew or discovered that some or all his talking points were false. That is scienter.</u>

*Id.* (emphasis added and discussed below). In their Response, Plaintiffs omit all context from *Wilson* and, quoting only the underlined language above, assert that they have alleged "in spades . . . the same or nearly identical allegations." Response at 5–6. First, Plaintiffs do not identify a single paragraph of the SAC where they made similar allegations. *See id.* Second, even if Plaintiffs had made such allegations, they would be insufficient because simply reciting the conclusions the *Wilson* court drew from the factual allegations there, without alleging similar underlying factual support, does not support a "strong inference" that any of the Millrock Defendants acted either recklessly or with the specific "intent to defraud." *City of Philadelphia*, 264 F.3d at 1258; *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts."). Because Plaintiffs have failed to plead scienter with the requisite specificity, the Court should dismiss the First Cause of Action for this independent reason.

### B. The Court Should Dismiss Plaintiffs' State Law Claims

#### 1. The Court Should Dismiss All of Plaintiffs' State Law Claims for Lack of Jurisdiction

As a threshold matter, Plaintiffs' First Cause of Action is the only basis for this Court to exercise federal-question jurisdiction over this matter. *See* SAC ¶¶ 32–33. As this Court explained in its previous Order dismissing Plaintiffs' First Amended Complaint, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." Dkt. No. 97 at 11–12 (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). And upon dismissing the only federal cause of action, the Court must dismiss the remaining state law claims as well. *See id.* (dismissing all state-law claims because dismissal of the federal causes of action divested Court of jurisdiction). For essentially the same reasons, once the Court dismisses Plaintiffs' First Cause of Action, it should dismiss the remaining state-law claims for lack of jurisdiction.

#### 2. The Second and Third Causes of Action Should Be Dismissed Because Plaintiffs Fail to Adequately Plead Fraud

Additionally, as explained in the Motion, Plaintiffs' state-law claims that sound in fraud (Second Cause of Action—Common Law Fraud and Third Cause of Action—Negligent Misrepresentation), must "set forth the who, what, when, where and how of the alleged fraud and describe the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018); Motion at 8–9. But the SAC is replete with grouped allegations that make it impossible for the Millrock Defendants to determine what fraudulent acts they allegedly committed. *See* SAC ¶¶ 1–10, 46–48. For example, the SAC alleges:

> The Blytheville Property was marketed by Millcreek Commercial, Millrock, Long, and Machlis to Goldsmith. Goldsmith was told that HSH had already agreed to be the tenant and that Dr. Sadeem Mahmood, an interventional cardiologist, would be

> working out of the facility and providing revenue. Goldsmith was told that there would be a four month to one year construction and development period during which additional TIC investors would invest and Millrock would manage and develop the Blytheville Property. The leases were structured to allow Defendants to market and sell partial interests to new investors to finance the development of the project. These sales of partial interests Machlis and Long represented that the development was already in progress in February 2021. These representations were false.

SAC ¶ 48. The paragraph begins by identifying four defendants. It then states that Plaintiff Goldsmith was allegedly "told" misinformation by some unidentified individuals. And the paragraph concludes with the grammatically confusing sentence "These sales of partial interests Machlis and Long represented that the development was already in progress in February 2021." The Millrock Defendants are left guessing as to whether some, all, or none of the allegations in this paragraph are directed at them. They have no way of knowing if one or more of them is being accused of any misconduct. Because the SAC routinely fails to specify the "who, what, when, where and how of the alleged fraud and describe the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof," *TDC Lending LLC*, 340 F.Supp.3d at 1227, the Court should dismiss the Second and Third Causes of Action.

### 3. The Fifth Cause of Action Should Be Dismissed Because Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law

In the Motion, the Millrock Defendants explained that Plaintiffs have failed to allege any facts demonstrating that they conferred a benefit on Smith, Millrock, or Millrock Blytheville. Motion at 10; *see Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747, 754. Plaintiffs' Response does not reference a single paragraph in the SAC showing where they alleged any relevant facts. *See* Response at 6. Moreover, Plaintiffs seem to agree that they have not pleaded that any benefit was conferred upon Smith. *Id.* Plaintiffs argue that discovery may show that such a benefit exists. *Id.* But Plaintiffs cannot use facts that may be uncovered during discovery to cure

their pleading deficiencies.  *See IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) ("Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.").  Plaintiffs were required to allege more than threadbare recitals of the elements of unjust enrichment.  They failed to do so and the Court should dismiss the Fifth Cause of Action.

### 4.  The Sixth Cause of Action Should Be Dismissed Because Plaintiffs Failed to Adequately Plead an Underlying Tort

As explained in the Motion, Plaintiffs' Sixth Cause of Action for Civil Conspiracy cannot survive because Plaintiffs have failed to adequately plead any underlying tort.  Motion at 11; *Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024.  The Court should therefore also dismiss the Sixth Cause of Action.

### C.  Conclusion

In its previous Order, the Court warned Plaintiffs that their allegations fail to plead the "who, what, when, where, and how of the fraud," that they fail to allege "defendants' state of mind or explain why the particular misrepresentation or omissions were false," and that "group pleading is inappropriate in this context."  Dkt. No. 97 at 10–11.  Instead of heeding the Court's admonishment, Plaintiffs filed a new complaint with the same deficiencies.  Plaintiffs have shown that they either cannot or will not plead with specificity as required by the PSLRA and Rule 9(b).  Giving Plaintiffs yet another bite at the apple is futile.  Accordingly, for the reasons above and in the Motion, the Court should dismiss the SAC as to Smith, Millrock, and Millrock Blytheville with prejudice.

DATED this 24th day of October, 2025.

WORKMAN NYDEGGER


By: /s/ Brian N. Platt
Brian N. Platt
Chad E. Nydegger
Ryan C. Morris

BERKOWITZ OLIVER LLP

Anthony J. Durone (*pro hac vice*)
Timothy D. Wallner (*pro hac vice*)

*Attorneys for Defendants Millrock Blytheville, LLC and Millrock Investment Fund 1, LLC, and Brent Smith*