WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
MEGAN M. LE, #19298
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Megan.Le@lewisbrisbois.com

*Attorneys for Defendant Colliers International*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS GOLDSMITH, an individual, GOLDSMITH PROPERTIES, LLC, a Utah limited liability company,<br><br>    Plaintiffs<br><br>v.<br><br>KEVIN G. LONG, an individual; et al.;<br><br>    Defendants | **DEFENDANT COLLIERS INTERNATIONAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Civil No. 2:24-cv-00499-AMA-CMR**<br><br>**Judge Ann Marie McIff Allen**<br><br>Magistrate Cecilia M. Romero |

Defendant Colliers International Intermountain , LLC ("Colliers"), by and through its undersigned counsel of record, hereby answer Plaintiffs' Second Amended Complaint against them and provides the following answers to the allegations of the Second Amended Complaint. In answering the allegations of the Second Amended Complaint, Colliers answers are limited solely to answering the allegations that have been made against it. Colliers are not purporting to answer any allegations directed to any other Colliers. Colliers therefore provides the following answers to the allegations asserted against it in the Second Amended Complaint.

167068600.1

## RESPONSE TO INTRODUCTION AND BACKGROUND

The introduction to the Second Amended Complaint consists largely of arguments to which no response is required. Moreover, the Introduction does not conform to the requirements of Federal Rules of Civil Procedure 8 and 10(b), and thus no response is required. To the extent a response is required, Colliers generally deny the allegations contained in the Introduction to the Amended Complaint, or are without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore Colliers denies them. Colliers specifically denies any allegations contained in the Introduction to the extent those allegations are directed specifically at Colliers.

## PARTIES

11.    In response to paragraph 11 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

12.    In response to paragraph 12 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

13.    In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

14.    In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

15.    In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

16.     In response to paragraph 16 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

17.     In response to paragraph 17 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

18.     In response to paragraph 18 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

19.     In response to paragraph 19 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

20.     In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

21.     In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

22.     In response to paragraph 22 of Plaintiffs' Second Amended Complaint, Colliers admits the allegations contained therein.

23.     In response to paragraph 23 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

24.     In response to paragraph 24 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

25.     In response to paragraph 25 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

26.     In response to paragraph 26 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

27.     In response to paragraph 27 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

28.     In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

29.     In response to paragraph 29 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

30.     In response to paragraph 30 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

31.     In response to paragraph 31 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

**JURISDICTION AND VENUE**

32.     In response to paragraph 32 of Plaintiffs' Second Amended Complaint, Colliers admits the allegations contained therein.

33.     In response to paragraph 33 of Plaintiffs' Second Amended Complaint, Colliers admits the allegations contained therein.

34.     In response to paragraph 34 of Plaintiffs' Second Amended Complaint, Colliers admits the allegations contained therein.

35.     In response to paragraph 35 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

**THE SCHEME**

36.     In response to paragraph 36 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

37.     In response to paragraph 37 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

38.     In response to paragraph 38 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

39.     In response to paragraph 39 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

40.     In response to paragraph 40 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

41.     In response to paragraph 41 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

42.     In response to paragraph 42 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

43.     In response to paragraph 43 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

44.     In response to paragraph 44 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

45.     In response to paragraph 45 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

46.     In response to paragraph 46 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

## THE BLYTHEVILLE TRANSACTION

47.     In response to paragraph 47 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

48.     In response to paragraph 48 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

49.     In response to paragraph 49 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

50.     In response to paragraph 50 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

51.     In response to paragraph 51 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

52.     In response to paragraph 52 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

53.     In response to paragraph 53 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

54.     In response to paragraph 54 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

55.     In response to paragraph 55 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

56.     In response to paragraph 56 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

57.     In response to paragraph 57 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

58.     In response to paragraph 58 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

59.     In response to paragraph 59 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

60.     In response to paragraph 60 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

61.     In response to paragraph 61 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

62.     In response to paragraph 62 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

63.     In response to paragraph 63 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

64.     In response to paragraph 64 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

65.     In response to paragraph 65 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

66.     In response to paragraph 66 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

67.     In response to paragraph 67 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

68.     In response to paragraph 68 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

69.     In response to paragraph 69 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

70.     In response to paragraph 70 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

71.     In response to paragraph 71 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

72.     In response to paragraph 72 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

73.     In response to paragraph 73 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

74.     In response to paragraph 74 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

75.     In response to paragraph 75 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

## FIRST CAUSE OF ACTION
### (Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder Against All Defendants)

76.     In response to paragraph 76 of Plaintiffs' Second Amended Complaint, Colliers reincorporates its responses to paragraphs 1-76 of the Second Amended Complaint.

77.     In response to paragraph 77 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

78.     In response to paragraph 78 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

79.     In response to paragraph 79 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

80.     In response to paragraph 80 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

81.     In response to paragraph 81 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

82.     In response to paragraph 82 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

83.     In response to paragraph 83 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

84.     In response to paragraph 84 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

85.     In response to paragraph 85 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

86.     In response to paragraph 86 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

87.     In response to paragraph 87 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

88.     In response to paragraph 88 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

## SECOND CAUSE OF ACTION
**(Common Law Fraud against Long, Machlis, Smith, Millcreek Commercial, Millrock, and Colliers)**

89.     In response to paragraph 89 of Plaintiffs' Second Amended Complaint, Colliers re-allege and incorporate by reference each of the allegations of this Answer as stated above.

90.　　In response to paragraph 90 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

91.　　In response to paragraph 91 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

92.　　In response to paragraph 92 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

93.　　In response to paragraph 93 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

94.　　In response to paragraph 94 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

95.　　In response to paragraph 95 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

96.　　In response to paragraph 96 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

### THIRD CAUSE OF ACTION
(Negligent Misrepresentation Against Long, Machlis, Smith, Millrock, Millcreek Commercial, and Colliers International)

97.　　In response to paragraph 97 of Plaintiffs' Second Amended Complaint, Colliers re-alleges and incorporates by reference each of the allegations of this Answer as stated above.

98.　　In response to paragraph 98 of Plaintiffs' Second Amended Complaint, Colliers avers that this is a legal conclusion to which no response is necessary. To the extent one is, Colliers

avers that Plaintiffs incompletely summarized Utah law, and therefore denies.

99.    In response to paragraph 99 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

100.    In response to paragraph 100 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

101.    In response to paragraph 101 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

102.    In response to paragraph 102 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

103.    In response to paragraph 103 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

104.    In response to paragraph 104 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

105.    In response to paragraph 105 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

106.    In response to paragraph 106 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

107.    In response to paragraph 107 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

108. In response to paragraph 108 of Plaintiffs' Second Amended Complaint, Colliers denies the allegations contained therein.

## FOURTH CAUSE OF ACTION
**(Breach of Fiduciary Duty Against Machlis and Green Ivy)**

109. In response to paragraph 109 of Plaintiffs' Second Amended Complaint, Colliers re-alleges and incorporates by reference each of the allegations of this Answer as stated above.

110. In response of paragraph 110 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 110 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

111. In response to paragraph 111 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 111 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

112. In response to paragraph 112 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 112 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

113. In response to paragraph 113 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth

of the allegations of paragraph 113 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

114.    In response to paragraph 114 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 114 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

115.    In response to paragraph 115 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 115 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

116.    In response to paragraph 116 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 116 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

117.    In response to paragraph 117 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 117 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

118.    In response to paragraph 118 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 118 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

119.    In response to paragraph 119 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 119 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

120.    In response to paragraph 120 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 120 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

121.    In response to paragraph 121 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 121 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

122.    In response to paragraph 122 of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth

of the allegations of paragraph 122 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

123.    In response to paragraph 123of Plaintiffs' Second Amended Complaint, the allegations of this paragraph are not directed toward Colliers, and Colliers  denies them upon that basis. Further, Colliers lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 123 of Plaintiffs' Second Amended Complaint and, therefore, denies the same.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment of Defendants Against All Defendants)

124.    In response to paragraph 124 of Plaintiffs' Second Amended Complaint, Colliers re-alleges and incorporates by reference each of the allegations of this Answer as stated above.

125.    In response to paragraph 125 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

126.    In response to paragraph 126 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

127.    In response to paragraph 127 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

128.    In response to paragraph 128 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

129.    In response to paragraph 129 of Plaintiffs' Second Amended Complaint, Colliers

avers that this is a legal conclusion to which no response is necessary. To the extent one is, Defendants avers that Plaintiff incompletely summarize Utah law, and therefore denies.

130.    In response to paragraph 130 of Plaintiffs' Second Amended Complaint, Colliers avers that this is a legal conclusion to which no response is necessary. To the extent one is, Defendants avers that Plaintiff incompletely summarize Utah law, and therefore denies.

## SIXTH CAUSE OF ACTION
### (Conspiracy Against All Defendants)

131.    In response to paragraph 130 of Plaintiffs' Second Amended Complaint, Colliers re-alleges and incorporates by reference each of the allegations of this Answer as stated above.

132.    In response to paragraph 132 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

133.    In response to paragraph 133 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

134.    In response to paragraph 134 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

135.    In response to paragraph 135 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

136.    In response to paragraph 136 of Plaintiffs' Second Amended Complaint, Colliers lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph of Plaintiffs' Second Amended Complaint, and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

Colliers denies all the allegations contained in Plaintiffs' Prayer for Relief.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff Douglas Goldsmith lacks standing to bring this lawsuit.

## THIRD DEFENSE

Colliers denies each and every allegation in the Second Amended Complaint not expressly admitted herein.

## FOURTH DEFENSE

Plaintiffs' claims are or may be barred by reason of Plaintiff's unclean hands, bad faith, wrongful conduct, or Plaintiff's failure to do equity.

## FIFTH DEFENSE

Plaintiffs' claims are barred because Colliers complied with relevant rules, statutes, and other controlling law.

## SIXTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, for failure to reasonably mitigate, minimize, or avoid damages, if any.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' damages, if any, are the result of Plaintiffs' own actions and/or omissions, and/or the actions and/or omissions of third parties over whom Colliers had no right of control and/or conditions or circumstances over which Colliers had no control.

## EIGHTH DEFENSE

Plaintiffs' claims against Colliers are barred because the alleged wrongful or harmful conduct was not committed by Colliers, but was committed, if at all, by others, including the conduct of Plaintiffs.

## NINTH DEFENSE

Plaintiffs fail to meet the legal or factual standard for punitive damages against Colliers.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent they are not brought in good faith or for proper means, potentially exposing Plaintiffs to liability to Colliers for Colliers attorney fees, including under Utah Code Annotated Section 78B-5-825.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

## TWELFTH DEFENSE

Plaintiffs failed to plead fraud and other causes of action sounding in fraud with particularity.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Colliers was not involved in the conduct at issue for which Plaintiffs claim they were damaged.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Colliers was not a party to the pertinent agreements entered into by the plaintiffs and is thus not subject to liability for Plaintiffs' claims that arise from or relate to those agreements.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the actions by Colliers were not the actual or proximate cause of the damages allegedly suffered by Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred on the basis that Colliers did not participate in, authorize, condone, direct, or control any of the actions which caused Plaintiffs' alleged damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are or may be time barred by relevant statutes of limitations pursuant to controlling law, including but not limited to Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b).

## EIGHTEENTH DEFENSE

Plaintiffs have failed to plead their claims against Colliers with sufficient particularity or specificity.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by the terms of the agreements that relate to the transactions at issue in the Second Amended Complaint.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, estoppel, release, consent, laches, ratification, and waiver.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against Colliers are barred or limited pursuant to the Utah Liability Reform Act, Utah Code Sections 78B-5-817 through -873, and other applicable law. Also,

consistent with that Act and applicable law, to the extent Plaintiffs' own fault is equal or greater than any fault of Colliers, then Colliers is not liable for any of Plaintiffs' alleged damages.

### TWENTY-SECOND DEFENSE

The transactions alleged in the Second Amended Complaint are not securities under federal or state law, or to the extent they are determined to be securities, they are subject to exemptions under applicable law.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims against Colliers are barred, in whole or in part, on the basis that Colliers owed no duty to Plaintiffs, nor did Colliers have a fiduciary or confidential relationship with Plaintiffs.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Colliers are barred, in whole or in part, on the basis that Plaintiffs did not reasonably rely on any statement or conduct of Colliers in connection with the transactions at issue.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Colliers are barred, in whole or in part, on the basis that Colliers lacks the necessary knowledge, intent, willfulness, or scienter required for it to be held liable.

### TWENTY-SIXTH DEFENSE

Plaintiffs' Second Amended Complaint should be dismissed, in whole or in part, on the basis that it is not in conformity with the requirement of Fed. R. Civ. Pro. 8(a)(2) that the pleading be a short and plaint statement that the pleader is entitled to relief.

### TWENTY-SEVENTH DEFENSE

Colliers asserts that Plaintiffs' claims are or may be barred by the doctrines of recoupment and offset.

### TWENTY-EIGHTH DEFENSE

Colliers alleges that to the extent the damages complained of by Plaintiffs were caused by co-defendants, third persons, events or conditions, not within the control or supervision of Colliers, then Colliers is entitled to have the jury apportion the fault of such others pursuant to Utah Code Ann. § 78B-5-819 and Colliers can only answer for Colliers proportionate share of fault.

### TWENTY-NINTH DEFENSE

Colliers alleges that Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to name necessary and/or indispensable parties.

### THIRTIETH DEFENSE

Plaintiffs' claim for punitive damages is subject to provisions and limitations contained in Utah Code Ann. § 78B-8-201.

### THIRTY-FIRST DEFENSE

As a matter of law, punitive damages may not be awarded in this case because this is not an "exceptional" case as required by Utah law, and because any outrageous and malicious conduct, if any, and any is expressly denied, is likely to be deterred by other means.

### THIRTY-SECOND DEFENSE

Plaintiffs failed to plead with particularity such allegations as would entitle Plaintiffs to claim a damage award for punitive damages as required by law.

## THIRTY-THIRD DEFENSE

Plaintiffs' claim for punitive damages must be proven by clear and convincing evidence and beyond a reasonable doubt.

## THIRTY-FOURTH DEFENSE

Colliers reserves the right to raise any additional defenses which may arise during the course of this case.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Second Amended Complaint, Colliers requests that:

1.    Plaintiffs' Second Amended Complaint be dismissed with prejudice, and that Plaintiffs take nothing thereby;

2.    Colliers be awarded its attorneys' fees and costs incurred herein; and

3.    The Court grant Colliers such further relief as it deems just and equitable.

DATED:  November 14, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    _____/s/ Douglas C. Smith_____
          Douglas C. Smith
          *Attorneys for Defendant Colliers International*

167068600.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2025, I caused a true and correct copy of the foregoing **DEFENDANT COLLIERS INTERNATIONAL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** to be filed electronically via the Court's CM/ECF System, which sent notification of such filing to all counsel of record in this case.

*/ Belle Wade*